SILVERMAN v. STEIN.

1. EXECUTION—OFFICER MAY NOT BREAK INTO DWELLING TO LEVY UNDER EXECUTION.
    An officer has no authority to break into a dwelling house to levy under a writ of execution.

2. SAME—DWELLING DOES NOT INCLUDE OUTBUILDINGS IN REFERENCE TO AUTHORITY OF OFFICER TO LEVY UNDER EXECUTION.
    Although in the law of burglary the dwelling house is deemed to include whatever is within the curtilage, such rule does not apply when an officer is seeking to levy on property under execution issued by the court, but in such case the term "dwelling house" carries its ordinary and generally understood meaning, and does not include the outbuildings, although they are within the curtilage.

[1]Executions, 23 C. J. § 217; [2]Id., 23 C. J. § 217.

3. SAME—OFFICER HAS AUTHORITY TO BREAK INTO GARAGE NOT
   CONNECTED WITH DWELLING AND LEVY ON AUTOMOBILE THEREIN.
   A sheriff has authority to break open a garage and levy
   on an automobile therein, under execution issued by the
   court, although the garage is within the curtilage, where
   it is not connected with the dwelling house.

Certiorari to Wayne; Parker (James S.), J., presiding. Submitted January 18, 1928. (Docket No. 48.) Decided February 15, 1928.

Mandamus by Harry Silverman to compel Edward F. Stein, sheriff of Wayne county, to levy an execution. From an order denying the writ, plaintiff brings certiorari. Reversed, and writ granted.

*Louis Rosenzweig,* for appellant.

*Thomas A. Kenney,* for appellee.

McDONALD, J. The plaintiff seeks to review by certiorari the action of the circuit judge of Wayne county, Michigan, in refusing to issue a writ of mandamus to compel the defendant to break open a garage and levy on an automobile. On January 22, 1927, the plaintiff recovered a judgment against the Reliable Painting & Decorating Company in the sum of $5,692.50 in the circuit court of Wayne county, Michigan. An execution was issued and placed in the hands of the sheriff for service. It was later returned *nulla bona.* On the same day an *alias* was issued and delivered to the sheriff with instructions to levy on a Buick automobile owned by the defendant company and then being kept in a garage in the rear of a dwelling house occupied by one Minnie Rosen, at 5795 Seminole avenue, Detroit, Michigan, the garage not being connected with the dwelling but within the curtilage. The sheriff refused to make the levy with-

[3]Executions, 23 C. J. § 217; L. R. A. 1916B, 958 *et seq.;* 17 R. C. L. 178, 179.

242—Mich.—5.

out an indemnity bond.   The bond was furnished.   He then refused to make the levy on the ground that he had no right to break open the garage.   The plaintiff petitioned the court for a writ of mandamus to compel him to do so.   The usual order was issued and on the hearing the writ was denied.

An officer has no authority to break into a dwelling house to levy under a writ of execution and if the garage in question may be said to be a part of the dwelling house, the writ of mandamus was properly denied.   In cases where crimes against the habitation, such as burglary, are committed in any of the outbuildings within the curtilage or home inclosure, they are held to be a part of the dwelling house.   In *Stearns* v. *Vincent*, 50 Mich. 209, 219 (45 Am. Rep. 37), it is said:

"In the law of burglary, the dwelling house is deemed to include whatever is within the curtilage even if not inclosed with the dwelling if used with it for domestic purposes.   *People* v. *Taylor*, 2 Mich. 250; *Pitcher* v. *People*, 16 Mich. 142.   This construction of the term is for the peace, repose and safety of families in the nighttime and it is made to include all those buildings, the forcible breaking of which for felonious purposes during the hours which peaceable and law-abiding persons give up to rest, would naturally cause alarm, distress and danger."

This reason for treating all outbuildings as parts of a dwelling house where there is a criminal invasion of any part of the house inclosure by burglars, does not apply to such buildings when invaded by an officer seeking to levy on property under execution issued by the court.   In such a case, the term "dwelling house" carries its ordinary and generally understood meaning. As was said by Mr. Justice STEERE in *People* v. *Labbe*, 202 Mich. 513:

"Outside the legal profession, the average citizen of recognized education, intelligence, and standing would

be surprised if not offended on being told his hog house and cow stable, or other structure in his barnyard, were part of his private residence."

The rule is correctly stated in 17 R. C. L. p. 179, § 76, as follows:

"Again, the maxim that 'a man's house is his castle' extends only to his dwelling house; and therefore a barn or outhouse, not connected with the dwelling house, may be broken open to levy an execution or attachment."

The garage in question was within the curtilage, but was not connected with the dwelling house. The sheriff had authority to break it open and levy on the automobile. The circuit judge erred in refusing the writ of mandamus. If necessary, the writ should issue. The plaintiff will have costs.

NORTH, FELLOWS, CLARK, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.

WIEST, J. (*concurring*). I concur. The record discloses no reason excusing the sheriff from executing the writ.