PHILIP BROOMFIELD *vs.* BENJAMIN CHECKOWAY.

Suffolk.    November 8, 1940. — June 30, 1941.[1]

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Equity Jurisdiction,* Equitable replevin. *Equity Pleading and Practice,* Appeal.

No appeal lies from findings and rulings by a judge in a suit in equity.

A suit could be maintained under G. L. (Ter. Ed.) c. 214, § 3 (1), for equitable replevin of goods, to possession of which the plaintiff was entitled and which were detained by the defendant in a locked and barred building, although an officer upon a writ of replevin might have had a right forcibly to remove the locks and bars and to seize the goods.

BILL IN EQUITY, filed in the Superior Court on January 29, 1940.

There were appeals by the defendant from an interlocutory decree, entered by order of *Greenhalge,* J., overruling a demurrer, and from a final decree for the plaintiff, entered by order of *Walsh,* J. There also was an attempted appeal from "findings and rulings" by *Walsh,* J.

*T. A. Moran,* for the defendant.

*G. Broomfield,* for the plaintiff, submitted a brief.

DOLAN, J.    The bill, described as for "equitable replevin," alleges that the plaintiff did business as a dealer in second hand machinery on premises owned by the defendant. Whether the plaintiff was a tenant of the defendant, or not, the bill does not disclose. Attempting to remove his stock of machinery from the building on the premises in which it was stored, the plaintiff was prevented from doing so by the act of the defendant in locking and barring the entrance to the building, and in refusing to permit the plaintiff to remove the machinery. This is alleged in the bill and found by the judge.

The justification offered by the defendant for his conduct was that he had been summoned as trustee of the plaintiff

---

[1] Printed out of order by direction of the court.

upon a trustee writ in which the defendant's son was plaintiff. The judge found that the machinery was not in the "hands or possession" of the defendant, nor "intrusted" to him, within the meaning of G. L. (Ter. Ed.) c. 246, § 20, with the result that the service upon the defendant of the trustee writ did not justify his conduct. The judge found that the machinery belonged to the plaintiff, and that the plaintiff was entitled to the possession of it.

· The only substantial contention of the defendant is that the bill does not state nor does the plaintiff prove a case under G. L. (Ter. Ed.) c. 214, § 3 (1), granting jurisdiction in equity over "suits to compel the re-delivery of goods or chattels taken or detained from the owner, and so secreted or withheld that they cannot be replevied," because, the defendant contends, an officer armed with a writ of replevin would have a right forcibly to remove the locks and bars and to seize the machinery.

The common law authorities establish the proposition that an officer may break into a building, such as that here involved, for the purpose of seizing a chattel upon a writ of replevin. *Penton* v. *Brown,* 1 Keb. 698 (1664). *Haggerty* v. *Wilber,* 16 Johns. 287, 288 (1819). *M'Gee* v. *Givan,* 4 Blackf. 16, 18 (1835). *Burton* v. *Wilkinson,* 18 Vt. 186, 190 (1846). *Nelson* v. *Van Gazelle Valve Manuf. Co.* 18 Stew. (N. J.) 594, 595 (1889). *Hodder* v. *Williams,* [1895] 2 Q. B. 663, 666. *Silverman* v. *Stein,* 242 Mich. 64, 67; 57 Am. L. R. 209, 220, 221.

The question turns on the meaning of the statutory clause "so secreted or withheld that they cannot be replevied." If that clause requires legal or physical impossibility, the present suit must fail. But if that clause is satisfied by impracticability, that is, a probable inability as a practical matter to obtain relief by replevin, then the uncertainty and danger which would attend an attempt by an officer to break into a building and seize chattels would present a case within the statute.

In *Gibbens* v. *Peeler,* 8 Pick. 254, 258–259, it was said that the statute is remedial and not to be given a "close construction," and it was held enough that the chattels

"were so controlled by the defendant that an attempt to replevy them would probably be fruitless," without any attempted service of a writ of replevin. See also *Berry* v. *Friedman*, 192 Mass. 131. In *Malden Center Garage, Inc.* v. *Berkowitz*, 269 Mass. 303, it was held that the statute was satisfied where the attorney for an attaching creditor was asked by the plaintiff where the attached automobile could be found and answered that he did not know. In *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 604, 605, it was held that the act of a landlord in putting a padlock on the door of a store in which the tenants had their goods justified the finding that the landlord wrongfully withheld from the tenants their goods so that they could not be replevied, and the ruling that on that finding a bill for equitable replevin could be maintained. In the present case we think that the plaintiff has stated and proved a case within the statute.

The appeal of the defendant from the findings and rulings is one unknown to the law, and must be dismissed. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372. *Silversmith* v. *Sydeman*, 305 Mass. 65, 75. The interlocutory decree overruling the demurrer is affirmed, and the final decree ordering the defendant to deliver the machinery in question to the plaintiff is affirmed with costs.

*Ordered accordingly.*