JAMES A. VITELLI *vs.* JAMES F. RYDER.

Barnstable.   October 2, 1951. — June 6, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Equity Pleading and Practice,* Master: findings, discharge of reference; Appeal; Findings by judge; Bill; Decree.

The disposition of motions in a suit in equity "to discharge final and supplemental report [of a master], to revoke order of reference, and for new trial without reference" rested in the discretion of the trial court. [122]

No appeal lies from findings by a judge in a suit in equity. [123]

It was within the power of a judge in a suit in equity, without recommittal to a master, to hear evidence and make findings respecting a matter occurring subsequently to confirmation of the master's report. [123]

The bill in a suit in equity to remove a cloud from the plaintiff's title to certain land sufficiently alleged the unity of actual possession and legal title in the plaintiff necessary to maintain the suit. [123–124]

A final decree correctly adjudging that the plaintiff in a suit in equity had a good title to certain land and that a deed under which the defendant claimed title thereto was a cloud on the plaintiff's title, but describing the entire parcel owned by the plaintiff including both such land and other land not in dispute, was ordered modified by confining the description to the land in dispute. [124]

BILL IN EQUITY, filed in the Superior Court on November 13, 1946.

The suit was heard by *Brogna*, J., upon a master's report and supplemental report.

*S. Osborn Ball*, for the defendant.

*William J. Fenton*, (*James A. Vitelli* with him,) for the plaintiff.

COUNIHAN, J.  By this suit in equity the plaintiff in effect seeks to remove a cloud on his title to a certain parcel of land in Wellfleet.  It was referred to a master under the usual rule.  After hearings and a view, he reported that he found as a fact that the plaintiff had good title to and actual possession of the land in dispute, and that the deed under which the defendant claimed title was a cloud on the title of the plaintiff.  After hearing, a judge recommitted the master's report with directions to the master to file a supplemental report setting forth the exhibits, report the subsidiary facts upon which he based his ultimate conclusions of fact, dispose of requests for rulings of law, and "file a brief, accurate and fair summary of so much of the evidence as relates to an objection which raises a question of law upon evidence not reported."  The master complied with the order of recommittal and filed a supplemental report.  From an interlocutory decree confirming the master's report and his supplemental report, denying motions of the defendant, and overruling exceptions of the defendant to the master's reports, the defendant appeals.  He also filed a paper entitled "Respondent's Exception and Appeal to Court's Supplemental Findings of Fact" in which he purported to except to certain supplemental findings of fact by the judge and in which he also claimed an appeal from these findings.  He appeals from the final decree.

The land in dispute is located on the westerly side of the State highway known as Route 6 in Wellfleet.  The plaintiff contends that his land has a frontage of 526.01 feet on the State highway.  The defendant asserts title to land with a frontage of 195.46 feet on the State highway, which embraces the northerly part of the frontage claimed by the plaintiff.  The controversy arises primarily because the frontage on

the State highway is described in the plaintiff's deed as 307 feet.

Material facts found by the master in his reports may be summarized as follows. The plaintiff acquired title from his wife by a deed which was duly recorded in 1944. The back title shows that the locus referred to in this deed came through three separate parcels; the first is described in a deed from one Cole to one Snow dated October 10, 1899, and duly recorded, the second is described in a deed from one Rich to said Snow dated February 15, 1915, and duly recorded, and the third is described in a deed from one Swett to said Snow dated September 25, 1908. This third deed was lost and never recorded. But the land described in this deed was subsequently conveyed by the heirs of said Swett to one Burkhard, a predecessor in title of the plaintiff, by a confirmatory deed dated August 25, 1928, and duly recorded. This deed conveyed frontage on the State highway in addition to the 307 feet referred to and made a total frontage of 526.01 feet on the State highway. The master further found that a surveyor, whose competency was agreed to by the parties, made a sketch putting the three parcels together and a plan of the plaintiff's land made up from the descriptions of these three parcels. This sketch and this plan were in evidence, and from them the master found the frontage of the plaintiff's land on the State highway to be 526.01 feet. The defendant alleged that his title came through a deed from one Stone to one Freeman dated February 3, 1848, and not recorded until May 29, 1947. Certain fixed monuments and bounds in this deed were not applicable to the locus claimed by the plaintiff. From these subsidiary facts the master concluded that the plaintiff had good title to and was in actual possession of the land in dispute. He also found that the deed under which the defendant claimed creates a cloud on the title of the plaintiff.

The evidence before the master is not reported and consequently the subsidiary facts found by him must stand unless inconsistent with each other or contradictory and

plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435. *Ramos* v. *Mello,* 328 Mass. 320. We discern no such inconsistency. Since the master set out, in conformance with the order of recommittal, the subsidiary facts upon which his ultimate conclusions are based, the question whether his conclusions are correct is open on appeal. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435. *Garfield* v. *Garfield,* 327 Mass. 529, 533. In our opinion the subsidiary findings justify the master's ultimate conclusions. There was no error in the interlocutory decree wherein it confirmed the master's report and his supplemental report.

There was no error in the interlocutory decree wherein it denied the motions of the defendant "to discharge final and supplemental report, to revoke order of reference, and for new trial without reference," and "to strike or to recommit." Action on these motions rested in the sound discretion of the judge. *Minot* v. *Minot,* 319 Mass. 253, 258. *Broderick* v. *Broderick,* 325 Mass. 579, 582. There appears to have been no abuse of discretion.

There was likewise no error in the interlocutory decree wherein it overruled the exceptions to the master's report and the exceptions to his supplemental report. There were twenty objections to the former and nineteen objections to the latter, all of which became exceptions. Most of them raise no questions of law but are argumentative in setting forth the defendant's own version of parts of the evidence. Some are based upon the failure of the master to find certain facts upon unreported evidence. Certain objections to the supplemental report were based upon an allegation that the master proceeded on an erroneous theory of law as to the burden of proof. It appears from the record that the master allowed a request by the defendant for a ruling which stated the correct principle of law. It is significant that in his brief the defendant admits that his objections are "inartistic and verbose" and that he waives "most of the requests and objections." We have examined all of the objections and find no merit in them.

There is nothing in what is entitled "Respondent's Exception and Appeal to Court's Supplemental Findings of Fact." If this be considered as an exception to the supplemental findings of fact by the judge, it has no standing because, as the defendant admitted in his brief, he did not perfect it. If it be construed as an appeal from such findings, it is likewise worthless because there can be no appeal from findings of a judge. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372. *Broomfield* v. *Checkoway,* 310 Mass. 68, 70. Compare *Carilli* v. *Hersey,* 303 Mass. 82, 87. Apart from these considerations there was no impropriety. It is apparent from these findings that, at the time the judge confirmed the master's reports, title to the disputed land was in the name of one Helen L. St. Amand as a straw for the plaintiff. The judge found that St. Amand by deed duly recorded on December 12, 1950, reconveyed the land to the plaintiff. These findings were separable from facts found by the master and brought the title of the land in dispute down to date to permit the entry of the final decree. The judge's findings were consistent with and supplementary to the findings of the master. "We think that in the circumstances it was within the power of the judge . . . to receive evidence . . . [as to the effect of the St. Amand deed] without recommitting the case to the master, and that we should assume that he did so." *S. M. Spencer Mfg. Co.* v. *Spencer,* 319 Mass. 331, 339. Compare *Peteros* v. *Peteros,* 328 Mass. 416, 420.

The defendant argues that the plaintiff's bill does not contain an allegation that the plaintiff was in actual possession of the disputed land. The master found that the plaintiff had good title and actual possession. We agree "that a bill to remove a cloud from the land affected cannot be maintained unless both actual possession and the legal title are united in the plaintiff." *First Baptist Church of Sharon* v. *Harper,* 191 Mass. 196, 209. In that case, however, it was also said at page 209: "That the plaintiff claimed to have both is manifest from the frame of the bill, which alleges that its title is impeached by the outstanding

deed . . . and in the . . . prayer asks that a decree may be entered that it is seised in fee." Similar allegations in the present bill would appear to bring it within the scope of the principle of that case. *Gage* v. *Kaufman,* 133 U. S. 471, 472. *Simmons Creek Coal Co.* v. *Doran,* 142 U. S. 417, 449.

There remains but one thing more. The final decree is correct in so far as it holds that the plaintiff has a good . title to the disputed land and that the defendant's deed is a cloud on his title to such land. The final decree, however, in paragraph 3 in terms sets out the boundaries of the entire parcel of land owned by the plaintiff, which obviously includes other land than that in dispute which was described in the bill of complaint.

The "Respondent's Exception and Appeal to Court's Supplemental Findings of Fact" is dismissed. The interlocutory decree is affirmed. The final decree should be modified to include only the boundaries of the disputed land and, as so modified, is affirmed with costs of appeal.

*So ordered.*