WARREN B. FRYEFIELD *vs.* BOSTON DIAPER SERVICE, INC. & others.[1]

Suffolk.   November 7, 1958. — January 16, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Accounting.   Equity Pleading and Practice*, Amendment; Master: exceptions to report, confirmation of report.

No abuse of discretion was shown in the denial of a motion to amend the bill in a suit in equity by adding a prayer, filed after a master had filed his report, where the trial judge might have denied the motion because the substance of the proposed additional prayer was already included in the original prayers of the bill or because the plaintiff was not entitled to the relief sought by the proposed additional prayer.  [404]

---

[1] The only other defendant of importance in this case is Arnold I. Radin.

There was no error in an interlocutory decree sustaining the defendant's exceptions to a master's report and confirming the report where the exceptions were to findings which were not material in view of other findings of the master. [404]

Facts found by a master in a suit in equity justified conclusions that there was not, as alleged by the plaintiff, a contract between him and the defendant corporation for purchase of its capital stock by him, but that instead the plaintiff was offered and accepted employment by the defendant and in return therefor transferred to the defendant certain assets of a similar business formerly conducted by him, and that the plaintiff was not entitled to an accounting upon a sale of the defendant's assets or to compensation for the assets transferred by him. [403,405]

BILL IN EQUITY, filed in the Superior Court on July 5, 1957.

The suit was heard by *Sullivan,* J., on a master's report.

*Leon M. Fox,* for the plaintiff.

*Maurice Caro,* for the defendants.

COUNIHAN, J. This is a suit in equity in which the plaintiff seeks an accounting of the proceeds of the sale of all of the assets of Boston Diaper Service, Inc., hereinafter called Boston, to Cupid Diaper Service, Inc., on or about April 6, 1957, and for other money damages. Arnold I. Radin was the treasurer of Boston and the owner of all the outstanding capital stock of Boston which amounted to fifty per cent of the authorized capital stock, the other fifty per cent being held in the treasury of Boston. The bill is grounded upon an allegation of the plaintiff that Radin failed to fulfill an agreement in writing made by him on behalf of Boston to sell the plaintiff fifty per cent of the authorized capital stock of Boston.

The case was referred to a master upon the usual order. Rule 86 of the Superior Court (1954). He filed a report to which objections were filed by the defendants. After hearing the judge sustained the objections of the defendants, which had become exceptions, and confirmed the report. He caused to be entered a final decree dismissing the bill. The plaintiff admits in his brief that, after the master had filed his report, he sought by motion to amend his bill. This motion was denied.

The suit comes here upon appeals of the plaintiff from the

denial of his motion to amend his bill, from the interlocutory decree confirming the master's report, and from the final decree dismissing the bill. There was no error.

The master's report is full and complete. In addition to his "Findings" he found other "Facts." No objections to the report were made by the plaintiff and no motion to recommit was filed by him. No evidence is reported so we must rely upon the master's conclusions if they are not inconsistent with his subsidiary findings.

The facts found in the master's report and in his ultimate findings show that the plaintiff and Radin are distant relatives. Between 1948 and 1953 they were associated with Boston and each held one half of the authorized capital stock of Boston. They separated in 1953 and the plaintiff sold his stock to Boston. Thereafter the plaintiff started a diaper service in the Worcester and Natick area under the name of Stork of Worcester, hereinafter called Stork.

About March 24, 1956, the plaintiff and Radin got together again. They entered into a tentative written agreement whereby the plaintiff was to buy back one half of the authorized capital stock of Boston subject to certain conditions. One of these was that a final agreement be drawn subject to the approval of Mr. Rosen, the attorney for Boston, and the other was that the plaintiff would transfer all of the assets of Stork to Boston. Mr. Rosen never approved a final agreement between the parties and about April 1, 1956, the plaintiff transferred all of the assets of Stork to his father, a creditor of Stork, who, however, permitted the plaintiff to transfer ninety-seven accounts in the Natick area and certain equipment to Boston. The master expressly found that the tentative agreement of March 24, 1956, had been abandoned by mutual consent. Radin offered the plaintiff a position in the employ of Boston, and in the alternative he told him that he could take the Natick accounts and equipment back from Boston and sever his relations with Boston. The plaintiff apparently chose the first proposition for he went to work for Boston on salary plus additional payments for expenses. The master ex-

pressly found that at no time did the plaintiff prior to the bringing of this suit demand any compensation for the Natick accounts and equipment although he knew of the sale from Boston to Cupid Diaper Service, Inc. He also found that no agreement, written or oral, for the acquisition by the plaintiff of any interest in Boston existed after July, 1956.

We first consider the plaintiff's appeal from the denial of his motion to amend his bill. In paragraph 14 of the prayers of the bill there appears a prayer that "The damages to your plaintiff, because of the wrongful acts of the defendants be determined and assessed." In the motion to amend he sought to add a new prayer, No. 16, which reads: "And that if it shall be determined that your plaintiff is not entitled to relief as prayed for as aforesaid then the indebtedness, if any, of the defendants . . . to your plaintiff be determined and that final decree and execution issue therefor." It appears that prayer No. 14 and the substance of the motion to amend seek the same relief.

Undoubtedly a judge has power to allow amendments to a bill, G. L. c. 231, § 51, but it has been said that, "in view of the permissive and discretionary nature of the statutory power to allow amendment," a judge may refuse to permit a plaintiff to amend. *Keljikian* v. *Star Brewing Co*. 303 Mass. 53, 56. In the instant case the judge may well have denied the motion because the subject matter of it was already included in the prayers of the bill or because the plaintiff had surrendered all claim to the Natick accounts and equipment when he accepted employment with Boston.

There is no merit to the appeal from the action of the judge in entering an interlocutory decree confirming the master's report despite his sustaining of certain exceptions of the defendants. The master found, subject to its materiality, that the Natick accounts and equipment were of value to Boston in the amount of $1,500. But this finding was not material because the master found as a fact that the plaintiff had accepted a position with Boston at a weekly salary and in effect by that action had declined the

alternative proposition to take out of Boston the Natick accounts and equipment. The plaintiff in substance transferred such accounts and equipment to Boston in return for the position he accepted.

There likewise is no merit in the plaintiff's appeal from the final decree. We have already stated herein that where there are no inconsistencies between the subsidiary facts found and the final conclusions of the master they must be accepted. *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 435. *Sprague* v. *Rust Master Chem. Corp.* 320 Mass. 668, 675. *Ramos* v. *Mello,* 328 Mass. 320, 321. *Shoer* v. *Daffe,* 337 Mass. 420, 423. We are satisfied that the subsidiary facts found by the master support the conclusions found by him.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs of*
> *the appeal to the defendants.*