JENNIE E. LLOYD & another *vs.* BRADLEY P. HOWES & others.

Suffolk. December 8, 1965. — December 30, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Equity Pleading and Practice,* Bill, Amendment. *Undue Influence.*

In a suit in equity by a conservator and his ward to have declared null and void an inter vivos trust created by the ward some months before the appointment of the conservator, allegations in the bill that the ward was "mentally weak," and that a defendant, an attorney from whom the ward sought legal advice, "imposed his will upon hers" and "influenced her unduly to execute a document that she did not comprehend" and that was "not in conformity with her wishes and desires" were, on demurrer, insufficient as setting forth mere conclusions. [21]

The mere fact that an attorney advised a client, who had come to him for "legal advice and assistance in the drawing and execution of a will," to execute a revocable trust containing a provision that the attorney should become its trustee if a conservator should be appointed for the client did not show undue influence on the attorney's part with respect to creation of the trust. [21]

No abuse of discretion was shown in the sustaining of a demurrer to an amended substitute bill in a suit in equity "without leave to move to amend" the bill. [21]

BILL IN EQUITY filed in the Superior Court on February 24, 1964.

The suit was heard by *Thompson, J.,* on demurrers.

The case was submitted on briefs.

*Louis Karp (Arthur L. Murray* with him) for the plaintiffs.

*Mark E. Gallagher, Jr.,* for the defendants.

SPIEGEL, J. This bill in equity seeks a declaration that a trust created by the plaintiff Lloyd seven months before the appointment of the plaintiff Ruggles as her conservator is null and void. The plaintiffs appeal from an interlocutory decree sustaining the defendants' demurrers to their amended substitute bill "without leave to move to amend" and from a final decree dismissing the bill.

The material allegations of the bill are as follows. Lloyd "is, and during the dates and times referred to herein, was mentally weak and physically incapacitated" and "for many years has been hard of hearing." In June, 1963, she sought "legal advice and assistance in the drawing and execution of a will" from the defendant Mr. Bradley P. Howes, an attorney. Mr. Howes "did advise and direct" her to execute an inter vivos trust, a copy of which was annexed to the bill. Mr. Howes should have known that she was "mentally weak and physically ill," yet he "imposed his will upon hers and influenced her unduly to execute a document that she did not comprehend, and that was not in conformity with her wishes and desires." Under the terms of the trust a life estate is reserved in Lloyd with a remainder for life given to the defendant Clara Fay Davies. On the death of Davies, all accumulated income

and the principal with the exception of $2,000 is to be distributed to such charities "as the trustee may in his absolute discretion determine." Mr. Howes was to become the trustee under the provisions of the trust if a conservator was appointed for Lloyd. The trustee has the power to determine how much of the principal shall be paid to Lloyd or for her support in the event of her incapacity.

The defendants each demurred to the bill on the grounds "That the plaintiff has not stated . . . such a cause as entitles her to any relief in equity against this defendant," and "That the Bill does not set forth facts sufficient to warrant relief to the plaintiff."

We think that allegations that Lloyd was "mentally weak," that Mr. Howes "imposed his will upon hers," "influenced her unduly to execute a document that she did not comprehend," "not in conformity with her wishes and desires" are but generalizations and conclusions which do not sufficiently inform the defendants of the facts so that they might know what they would be called upon to meet. *Boyajian* v. *Hart,* 292 Mass. 447, 451. *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 317. *Mahoney* v. *Houghton & Richards, Inc.* 347 Mass. 764. *Vogelaar* v. *H. L. Robbins & Co. Inc.* 348 Mass. 787.

The allegation that the attorney advised her to execute a revocable trust in which he might become the trustee in the event of her incapacity does not show undue influence. See *Barnum* v. *Fay,* 320 Mass. 177. The demurrers were properly sustained.

The refusal to grant leave to move to amend was within the discretion of the trial judge. *Fryefield* v. *Boston Diaper Serv. Inc.* 338 Mass. 401, 404. *Wilson* v. *Jennings,* 344 Mass. 608, 614.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal to the defendants.*