WILLIAM A. DIENER & another *vs.* KARL E. WEISS (and a companion case between the same parties). April 29, 1966. In these two actions of tort tried together the individual plaintiff alleges malicious interference by the defendant in certain business negotiations of the individual plaintiff and with franchises which he had had as an automobile dealer, conversion of personal property, and wrongful eviction. The corporate plaintiff alleges malicious interference with its business relations by the defendant. The plaintiffs excepted to the granting of the defendant's motions for directed verdicts, denial of the plaintiffs' motions to amend their declarations, and to the exclusion of certain evidence. There was no error. The court properly directed verdicts on counts (1) by the individual plaintiff alleging loss of a right of redemption of certain property in that the right of redemption was in the corporate plaintiff and not in him personally; (2) by the individual plaintiff for malicious interference with a dealer franchise in that sufficient evidence to support it was lacking; (3) by the corporate plaintiff for malicious interference in its affairs in that there was no evidence to show that the negotiations with which the defendant's conduct was alleged to have interfered were likely to have succeeded or that the defendant's conduct was the cause of their failure (see *Caverno* v. *Fellows,* 300 Mass. 331, 336–337, and cases cited); (4) by the individual plaintiff for conversion in that the alleged conversion related to property against which the Federal tax authorities had asserted liens thereby precluding a possible suit for conversion (*Marshall Vessels, Inc.* v. *Wright,* 331 Mass. 487, 489, *United States* v. *Greenville,* 118 F. 2d 963, 965 [4th Cir.], *United States* v. *Metropolitan Life Ins. Co.* 130 F. 2d 149, 151 [2d Cir.], *Welsh* v. *United States,* 220 F. 2d 200, 203 [Ct. App. D. C.]; see *Randall* v. *Colby,* 190 F. Supp. 319, 335 [D. C. Iowa]; see also *Glass City Bank* v. *United States,* 326 U. S. 265, 267); and (5) on a count for wrongful eviction for lack of evidence. All exclusions of evidence concerning which the plaintiffs complain were proper on the grounds of

irrelevancy. There was no abuse of discretion by the trial judge in denying the plaintiffs' motions to amend their declarations at the time of trial. See *Peterson* v. *Hopson,* 306 Mass. 597, 601; *Fryefield* v. *Boston Diaper Serv. Inc.* 338 Mass. 401, 404.

*Exceptions overruled.*

*Philip D. Epstein* (*Solomon M. Feldman* with him) for the plaintiffs.
*Arthur M. Gilman* for the defendant.