ROBERT G. BROWN & others *vs.* ROGER W. NEELON & others.

Middlesex. October 5, 1956. — January 31, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Equity Jurisdiction,* Declaratory relief. *Declaratory Judgment. Equity Pleading and Practice,* Bill, Declaratory proceeding. *Municipal Corporations,* By-laws and ordinances. *Zoning.*

A demurrer was properly sustained to a bill in equity apparently seeking a declaratory decree as to the validity of certain building permits issued by a city's building inspector where the allegations of the bill presented at most academic questions as to the validity of the city's zoning ordinance in whole or in part, a determination of which would not settle any controversy respecting the permits. [359–360]

A bill in equity for a declaratory decree was demurrable in that it failed to set forth clearly sufficient facts to show what controversy the plaintiff sought to have determined. [361]

BILL IN EQUITY, filed in the Superior Court on January 12, 1953.

Interlocutory decrees sustaining demurrers to the bill were entered by *O'Connell*, J.

*Chester Shatz*, (*Marvin H. Siegel* with him,) for the plaintiffs.

*John J. Flynn, 3d*, City Solicitor, for board of appeals of Waltham and others.

SPALDING, J. This is a bill for declaratory relief. The bill as amended may be summarized as follows: The plaintiffs are all owners of property abutting on Tavern Square, Waltham. Under the city's zoning ordinance of 1946 Tavern Square was in a "Residence B" zone. On September 15, 1952, Walter A. Gray, the city's building inspector, issued permits to one Neelon and one Lopez for the erection in Tavern Square of two four-family apartment houses. Prior to that, in June, 1952, the board of survey and planning for the city (hereinafter called the board), pursuant to notice by publication, held public hearings at various places in the city on the subject of a proposed new zoning ordinance. After these hearings the board, on August 7, 1952, submitted to the city council a proposed new zoning ordinance. On September 9 and 11, 1952, the council, pursuant to published notice, held public hearings on the proposed ordinance. On October 9, 1952, the board submitted a report to the council on the proposed ordinance and recommended its adoption. On December 4, 1952, the council, after notice, held further hearings on the proposed ordinance, and on December 10 the council at a first reading passed the ordinance under which Tavern Square was located in a "Residence A-3" zone. On December 23, 1952, the council after amending the Tavern Square area from "Residence A-3" to "Business A" proceeded to enact the ordinance. The bill contained conclusions to the effect that the proceedings by the board and council were improper. But there were no averments of fact, other than those recited above, in support of these conclusions.

Demurrers were filed by the building inspector, the city, and the board of appeals which were sustained by interlocutory decrees. From a final decree dismissing the bill as

against these defendants the plaintiffs appealed. The plaintiffs also come here on exceptions to the denial of their motion to vacate the interlocutory decrees. These exceptions need not concern us, for the only question argued is the correctness of the interlocutory decrees sustaining the demurrers. This question is open for consideration upon the appeal from the final decree. G. L. (Ter. Ed.) c. 214, § 27. *Gibbons* v. *Gibbons,* 296 Mass. 89. *Rigs* v. *Sokol,* 318 Mass. 337, 339.

The demurrers were grounded on (1) misjoinder of parties, (2) multifariousness, and (3) failure to state a case for declaratory relief. The bill is confused and artlessly drawn and it is not clear what the plaintiffs seek to have determined. The bill asks the court to determine (1) the authority of the building inspector to issue permits for the erection of the four-family apartment houses; (2) the validity of those permits; (3) the validity of the zoning ordinance as it relates to Tavern Square; and (4) the "rights of your petitioners and the rights of the respondents named herein." Perhaps the demurrers could have been sustained on the grounds of misjoinder or multifariousness, or both, but we need not decide those questions, for we are of opinion that they were rightly sustained on the ground that the bill failed to state a case for declaratory relief.

Although the bill does not clearly say so, it appears to have been framed to seek a declaration as to the validity of the building permits for the four-family apartment houses, and we deal with it on that footing. Under one theory advanced by the plaintiffs the entire zoning ordinance of 1952 is invalid, and accordingly the zoning ordinance of 1946, never having been repealed, is still in effect. But this does not present a case for declaratory relief. The bill, to be sure, alleges that under the ordinance of 1946 the Tavern Square area was in a "Residence B" zone. But there is no allegation that the building permits were issued contrary to the zoning requirements of "Residence B" areas. There is nothing in the bill setting forth these requirements. And, of course, it is not a matter of which we can take judicial

notice. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566. Therefore, even if we should construe the bill as alleging that the entire ordinance of 1952 was invalid, the bill still does not set forth enough to show the basis of a controversy touching the building permits. At most there is presented an academic question, the answer to which would not settle anything.

Another theory advanced by the plaintiffs in support of their bill is that it can be construed to allege that only the amendment to the 1952 ordinance changing the Tavern Square area from "Residence A–3" to "Business A" is invalid, the remainder of the ordinance being validly adopted and in effect. If we assume in favor of the plaintiffs that the bill can be so construed the plaintiffs still have not pleaded a case for declaratory relief. If the amendment with respect to Tavern Square was not properly adopted there would then be no zoning ordinance with respect to that area, for the 1946 ordinance, having been repealed by the 1952 ordinance, would no longer be operative. Nor would the original version of the 1952 ordinance be in effect for the reason that it was never enacted by the council. Thus a determination that the amendment was invalid would not settle anything with respect to the building permits; it would decide only that there was no zoning ordinance now operative in the Tavern Square area.

One of the principal purposes of the declaratory judgment law is to settle completely the controversy submitted for decision. *Kilroy* v. *O'Connor,* 324 Mass. 238, 242. *Foster* v. *Everett,* 334 Mass. 14, 16–17. G. L. (Ter. Ed.) c. 231A, § 3. It was not the purpose of that law to call upon the courts to decide questions that were moot or academic. "Ordinarily a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends. Usually a declaratory decree should be made in any event. . . . But where the plaintiff has failed to state a case presenting a controversy proper for determination under the declaratory procedure there is no reason why a

demurrer may not be sustained." *County of Dukes County v. New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority,* 333 Mass. 405, 406. The case at bar belongs to that class. The bill here alleges no controversy in any real sense and any decision made by the court would be of no practical value.

But quite apart from what has been said there is another reason why the demurrers should have been sustained. It is an elementary rule of equity pleading that the bill must contain a clear and exact statement of all the material facts upon which the plaintiff's right to relief sought depends in order that the defendant may answer fully and fairly and know what he will be called upon to meet. *Grise* v. *Rieutord,* 305 Mass. 61, 64. *Carson* v. *Gikas,* 321 Mass. 468. "Averments of crucial facts in a pleading should be clear, direct and unequivocal." *North Station Wine Co. Inc.* v. *United Liquors, Ltd.* 323 Mass. 48, 51. The bill here fell far short of meeting these requirements. It is replete with conclusions of law and fails to inform the defendants with any degree of clarity what the controversy between the parties was and what the plaintiffs desired to have determined. To the extent that we have stated the possible objectives of the bill we have been obliged to resort to speculation and conjecture.

> *Exceptions overruled.*
> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs*
> *of this appeal.*