CHARLES S. WEINSTEIN & another *vs.* CHIEF OF POLICE OF FALL RIVER & another.

Bristol.      April 4, 1962. — May 8, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Demurrer, Declaratory proceeding. *Lord's Day. Permit.*

A certain bill in equity by a manufacturing corporation against the local chief of police, wherein the plaintiff alleged in substance that by reason of the religious beliefs of its officers it closed its plant on Saturdays and desired work permits for Sundays under G. L. c. 136, § 9, and that, although the defendant granted permits to others operating like businesses, he refused to grant permits to the plaintiff on the sole ground

---

that as matter of law the Saturday closings of the plaintiff rendered it ineligible to receive the permits, and wherein the plaintiff sought a declaratory decree construing the statute and determining its constitutionality as applied to the plaintiff, was demurrable on the grounds that it did not state a cause of action entitling the plaintiff to relief and that, by reason of the discretion vested in the defendant by the statute, a declaratory decree would not terminate the controversy.   [315–318]

A demurrer to a bill in equity does not admit general assertions of fact in the bill unsupported by specific allegations.   [317]

BILL IN EQUITY, filed in the Superior Court on August 22, 1961.

The suit was heard on demurrer by *Noonan,* J.

*Edward J. Barshak,* for the plaintiffs.

*John T. Farrell, Jr.,* Assistant Corporation Counsel, for the Chief of Police of Fall River.

*Eugene G. Panarese,* Assistant Attorney General, for the Attorney General.

WILKINS, C.J.   The plaintiffs in this bill for declaratory relief are Trans-American Spinning Mills, Inc., a Massachusetts corporation engaged in the manufacturing business in Fall River, and Charles S. Weinstein, its treasurer and sole stockholder.   The defendants, who are the chief of police of that city and the Attorney General,[1] demurred to the bill, the demurrer was sustained, a final decree was entered dismissing the bill, and the plaintiffs appealed.

The allegations of the bill are these.   Weinstein, the treasurer and sole stockholder, is the one actually in charge of the "manufacturing" business of the corporation.   He is an Orthodox Jew and, in accordance with the tenets of his religion, performs no labor on Saturdays and does not allow any business owned or controlled by him to be open on Saturdays.   All the officers of the corporation are also Orthodox Jews who strictly follow the requirements of their religion as to Saturday observance.   The corporation has always closed its plant and places of business on Satur-

---

[1] The bill states that the Attorney General has been made a party in accordance with G. L. c. 231A, since the constitutionality of a statute is involved. Section 8 states that he shall be notified and entitled to be heard.   It does not say that he shall be made a party.   *City Manager of Medford* v. *Civil Serv. Commn.* 329 Mass. 323, 330.

days. Pursuant to G. L. c. 136, § 9 (as amended through St. 1953, c. 108[1]), the defendant chief of police has been granting permits to manufacturing businesses allowing them to be open and in operation on Sundays. In all material respects, the businesses to which such permits have been granted and the work performed by such businesses on Sunday are indistinguishable from the business operations of the plaintiff corporation. Since June, 1961, the defendant chief of police has refused to grant Sunday permits requested by the plaintiff corporation solely on the grounds that the plaintiff corporation is closed on Saturdays and, therefore, as matter of law, is ineligible to receive a permit to be open on Sundays.

Other allegations of the bill are these. The defendant chief of police contends that, as matter of law, the religious observance of Saturday by both plaintiffs disqualifies them from procuring a Sunday permit from him. The plaintiffs contend that this interpretation of G. L. c. 136, § 9, as amended, is contrary to the meaning of the statute and that, if this interpretation is consistent with the statute, it is being applied to them in violation of the Constitution of the United States and the Constitution of the Commonwealth. The plaintiffs further contend that such an interpretation discriminates against them because of the observance of their religion by the plaintiff Weinstein and the other officers of the corporation. The plaintiffs "desire and intend to remain open on Sundays in the same manner and for the same purposes as other businesses in Fall River are allowed to be open," and the defendant chief of police intends to refuse them the same permits granted to others.

The bill asks for a decree (1) construing G. L. c. 136, § 9, as amended, in so far as it affects the rights and privileges of the plaintiffs and the duties of the defendant chief of

---

[1] ". . . the chief of police . . . upon such terms and conditions as he deems reasonable, may issue a permit for the performance on the Lord's day of necessary work or labor which in his judgment could not be performed on any other day without serious suffering, loss, damage or public inconvenience. Such permit shall cover not more than one day and shall not be issued more than six days prior to the day for which it is issued."

police and (2) determining the constitutionality of that section as applied to the plaintiffs.

The demurrer, which assigned nine grounds, was sustained generally. The first ground is that the bill does not state a cause of action entitling the plaintiffs to any relief. The eighth is, "A declaratory decree, if entered, will not terminate the controversy giving rise to the proceedings."

Either ground could be held to be good. Where a plaintiff has completely failed to state a case presenting a controversy proper for determination under the declaratory procedure, a demurrer may be sustained. *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405, 406. The court may also refuse to enter a declaratory decree when such decree, if entered, would not terminate the controversy, but if on that ground alone "[t]he reasons for such refusal shall be stated in the record." G. L. c. 231A, § 3. See *Hogan* v. *Hogan,* 320 Mass. 658, 662–663; *Kilroy* v. *O'Connor,* 324 Mass. 238, 241–243; *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 213.

The individual plaintiff has made no request for a permit, so the case must be considered upon the basis of the request of the plaintiff corporation. The demurrer does not admit the general assertions of fact, such as that "[i]n all material respects, the businesses to which such permits have been granted, and the work performed by such businesses on Sundays are indistinguishable from the business operations of the plaintiff corporation." *J. J. Gordon, Inc.* v. *Worcester Telegram Publishing Co. Inc.* 343 Mass. 142, 143, and cases cited. Without specific facts the court cannot determine and terminate a controversy. *Brown* v. *Neelon,* 335 Mass. 357, 360. *James Constr. Co. Inc.* v. *Commissioner of Pub. Health,* 336 Mass. 143, 146. *Nissenberg* v. *Felleman,* 339 Mass. 717, 726.

The plaintiffs urge that there is a controversy as to their status as potential grantees and as to the duty of the defendant chief of police to entertain their requests on the merits. This is but a fragment of the whole controversy.

The allegation that the sole ground for his refusal is the closing of the corporate plaintiff's place of business on Saturdays is not a substitute for showing that the corporate plaintiff is otherwise entitled to a permit. Under G. L. c. 136, § 9, as amended, much is left to the judgment of a chief of police as to what is necessary work or labor and as to what he deems to be reasonable terms and conditions. The obtaining of a permit is largely dependent upon his discretion, subject to review for abuse thereof.

A declaration as to the correctness of the ground of refusal attributed to the defendant chief of police would not be decisive of the entire controversy. The plaintiff corporation would not at once become entitled to a permit. The chief of police would still have a discretion to exercise. *Board of Health of Woburn* v. *Sousa,* 338 Mass. 547, 553. No constitutional question is immediately presented.

*Decree affirmed.*