FENESTRA INCORPORATED *vs.* MARED BUILDING PRODUCTS, INC.

Middlesex.     November 5, 1965. — December 7, 1965.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Bill, Declaratory proceeding.

A bill in equity for declaratory relief specifically set forth "an actual controversy" under G. L. c. 231A, § 1, where the bill alleged in substance that the plaintiff had cancelled a written contract whereby the defendant acted as the plaintiff's sales agent, that the contract required the defendant within ten days after cancellation to furnish a list of outstanding estimates on the basis of which commissions to be paid by the plaintiff would be determined, but that the defendant had not furnished the list, that the plaintiff had recovered a default judgment against a third party in an action in which the third party had attempted to set off a claim assigned to him by the defendant for substantial commissions allegedly due from the plaintiff, that the plaintiff contended that the defendant's claim to commissions was barred by the failure to furnish the list and by the default judgment, and that the defendant, disputing such contention, contended that the cancellation of the contract was invalid, that the defendant's agency continued, and that the defendant was not foreclosed by the default judgment.

BILL IN EQUITY filed in the Superior Court on December 15, 1964.

The suit was heard by *Fairhurst, J.,* on demurrer.

*Robert J. Sherer* for the plaintiff.

No argument or brief for the defendant.

WHITTEMORE, J.   A demurrer to this bill for declaratory relief was sustained by an interlocutory decree, and a final

decree, from which the plaintiff appealed, was entered dismissing the bill. We hold that the demurrer should have been overruled.

The bill alleges as follows: there was a written contract between the plaintiff and the defendant with a thirty day cancellation clause and requirements that the defendant as sales agent within ten days after a cancellation notice furnish a list of outstanding estimates and that the plaintiff pay the usual commission on sales closed from that list; the plaintiff had cancelled the contract and the defendant had not furnished a list of outstanding estimates; a third party, sued by the plaintiff, had attempted to set off a claim by the defendant for $6,600 for commissions due under the contract (held by the third party under an assignment from the defendant); the plaintiff had recovered a default judgment in that action. The bill also alleges that the plaintiff contends that the defendant's claim to commissions is barred by the defendant's failure to present the estimate list and by the default judgment, and the defendant, disputing these assertions, contends that the notice of cancellation was a nullity, that the agency relationship has continued, that the notice of termination was a breach of contract and that it is not foreclosed by the default judgment.

We hold, contrary to an assigned ground of demurrer, that the bill shows "an actual controversy . . . specifically set forth." G. L. c. 231A, § 1. Though a reference to the circumstances of the making of the respective contentions would have strengthened the statement, and thus overcome doubts of its adequacy, the omission does not invalidate the bill. If there is an implication in the absence of detail that the plaintiff is seeking only to bar a possible future claim by a presently quiescent defendant (see *National Shawmut Bank* v. *Morey,* 320 Mass. 492, 497; *Richard Clothing Mfg. Co.* v. *Gutstein-Tuck, Inc.* 328 Mass. 386, 391) this is met by the reference to the defendant's purported assignment of commissions in substantial amount. The allegations state more than a mere difference of opinion, and strongly

Johnson *v.* Milton.

imply that unless a determination is had other litigation
will ensue. *Hogan* v. *Hogan,* 320 Mass. 658, 662. Com-
pare *Pitman* v. *J. C. Pitman & Sons, Inc.* 324 Mass. 371,
373–374; *Brown* v. *Neelon,* 335 Mass. 357, 360 ("academic
question"); *James Constr. Co. Inc.* v. *Commissioner of
Pub. Health,* 336 Mass. 143, 146–147; *Picard* v. *Worcester,*
338 Mass. 644, 647–648; *Nissenberg* v. *Felleman,* 339 Mass.
717, 726; *Weinstein* v. *Chief of Police of Fall River,*
344 Mass. 314, 317. The purpose of c. 231A is, by § 9, "to
remove, and afford relief from, uncertainty and insecu-
rity with respect to rights, duties, status and other legal
relations."

There is nothing in the other grounds of the demurrer.
The bill lies though there may be a remedy at law. G. L.
c. 231A, § 1. There is no want of parties; the rights be-
tween the plaintiff and the third party are not in issue.
A decree will determine the controversy between the plain-
tiff and the defendant.

> *Interlocutory and final decrees
> reversed.*
> *An interlocutory decree is to
> enter in the Superior Court
> overruling the demurrer.*