EDWARD J. POREMBA, SR., & others *vs.* CITY OF
SPRINGFIELD & others.[1]

Hampden.   May 7, 1968. — June 5, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Eminent Domain,* Validity of taking, Motive for taking, Purpose of taking,
   Determination of property to be taken.   *Equity Jurisdiction,* Declara-
   tory relief.   *Equity Pleading and Practice,* Declaratory proceeding,
   Bill, Demurrer.   *Municipal Corporations,* Planning board.   *Way,* Pub-
   lic: establishment.

In a bill in equity for declaratory relief concerning a taking of land for
   a proposed highway by a recorded order of a city council, allegations,
   that "more land than . . . necessary" was taken, that the taking of
   the whole or a part of parcels of the plaintiffs, respectively, was un-
   necessary for the highway, and that the plaintiffs' parcels were not
   "taken . . . for any public purpose, but for the private benefit" of
   an individual defendant who owned "a large tract of business zoned
   land contiguous to" such parcels and who had attempted to buy them
   and indicated that if they were not sold to him the defendant city would
   take them, stated mere conclusions, and a demurrer was properly sus-
   tained for failure of the bill to set out facts showing a significant con-
   troversy.   [434–435]

The history of G. L. c. 41, § 81I, indicates a legislative purpose that a
   municipality which has a planning board established under § 81A but
   which has not adopted an official map should have some form of plan-
   ning board recommendations considered before municipal action in
   laying out a public way.   [436]

Allegations in a bill in equity for declaratory relief relative to the validity
   of a taking of the plaintiffs' lands for a certain highway, that the de-
   fendant city had a planning board established under G. L. c. 41,
   § 81A, but had not adopted an official map, that § 81I required such
   a city "to refer the proposed laying out . . . of any public way to
   the planning board for consideration and report, as a prerequisite to
   the laying out . . . of . . . [the] way," and that the defendant had
   "failed to refer" to the planning board the laying out of the highway
   involved in the suit, did not allege facts adequate to show to what
   extent, if any, § 81I was applicable, or that § 81I had been violated in
   any manner, and did not provide adequate basis for declaratory relief,
   and it was proper to sustain a demurrer to the bill and enter a final
   decree dismissing it rather than to overrule the demurrer and enter a
   declaratory decree.   [437–438]

[1] The other plaintiffs are owners of property in Springfield.   Other de-
fendants include the mayor, the city treasurer, the city clerk, the superin-
tendent of streets and engineering, and Michael W. Albano.

BILL IN EQUITY filed in the Superior Court on November 21, 1966.

A demurrer was heard by *Brogna*, J.

*S. Thomas Martinelli* (*Kent B. Smith* with him) for the plaintiffs.

*Troy T. Murray*, Associate City Solicitor, for the City of Springfield & others.

CUTTER, J. The plaintiffs seek declaratory relief concerning a taking of land pursuant to a recorded order of the Springfield city council, approved by the mayor. The taking was for a proposed "outer belt highway." It is alleged that the Porembas' parcel (no. 13) "is totally unnecessary for and extraneous to the construction of" the highway; that parcel no. 12, belonging to Helen C. Riley, and parcel no. 10, belonging to Marjorie Dunning, a plaintiff, are both unnecessary for the construction; and that part of a parcel (no. 9) was unnecessarily taken from James A. and Bernice Bremner, other plaintiffs. The plaintiffs further allege (a) that the "[c]ity has taken more land than is necessary for the construction of" the highway; (b) on information and belief, "that the parcels . . . have been taken not for any public purpose, but for the private benefit of one . . . Albano [a defendant, see fn. 1] . . . owner of a large tract of business zoned land contiguous to the rear of the . . . parcels" taken; and (c) that Albano "attempted to . . . purchase . . . the properties prior to this taking and . . . indicated to . . . [the then owners] or to some of them, that if they did not sell to him," the city would take their land.

Various errors or procedural deficiencies are also alleged to exist in connection with the taking. These allegations are summarized below in part 2 of this opinion. The plaintiffs, in addition to declaratory relief, seek to enjoin prosecution of the project.

The demurrer of the city and various of its officers sets out, among other grounds, (1) that the bill did not state any basis for relief in equity or against any named defendant, and (2) that persons not named in the bill as defendants

were "directly interested in the controversy." The case is before us on appeals from the interlocutory decree sustaining the demurrer and from the final decree dismissing the bill.

1. The basic allegations of the bill are mere conclusions, viz. (a) that the taking of lots nos. 13, 10, and 12 and of part of lot no. 9 is "unnecessary for and extraneous to" the highway; (b) that "more land than is necessary" has been taken; and (c) that the parcels were not "taken . . . for any public purpose" but for Albano's private benefit. The taking is alleged to have been for a highway, a public purpose.

A wide discretion is entrusted to officials charged with responsibility to determine what land is essential to a public improvement. It requires clear allegations of specific facts to state a case for any relief, or to show that any real controversy exists, based upon abuse of such official discretion. See *Despatchers' Cafe Inc.* v. *Somerville Housing Authy.* 332 Mass. 259, 262–264 (allegations inadequate against demurrer); *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 562–564, cert. den. 382 U. S. 983 (allegations not sufficient). See also *N. Ward Co.* v. *Street Commrs. of Boston,* 217 Mass. 381, 386; *McAuliffe & Burke Co.* v. *Boston Housing Authy.* 334 Mass. 28, 30–32; *Worcester Knitting Realty Co.* v. *Worcester Housing Authy.* 335 Mass. 19, 22; *Luke* v. *Massachusetts Turnpike Authy.* 337 Mass. 304, 308–310; *Robie* v. *Massachusetts Turnpike Authy.* 347 Mass. 715, 727; *Caleb Pierce, Inc.* v. *Commonwealth, ante,* 306, 308–310. See also Nichols, Eminent Domain (Rev. 3d ed.) § 4.11; Antieau, Municipal Corporation Law, § 20.01. There are in the case at bar no allegations of underlying facts (as distinguished from conclusions) sufficient (a) to afford any adequate basis for a declaration of rights, (b) to set out a case for equitable relief against a taking, (c) to show that the taking was not for a public purpose, or (d) to establish that the city's action, by its various officers, was not in good faith and for the public benefit, or that it was for the private benefit of Albano. See *Stockus* v. *Boston Housing Authy.* 304 Mass. 507, 511; *Chicoine* v. *State Farm Mut. Auto. Ins. Co.* 351 Mass. 664, 666. See also *Machado* v. *Board of Pub.*

*Works of Arlington,* 321 Mass. 101, 104–105; *Sellors* v. *Concord,* 329 Mass. 259, 262. The allegations concerning Albano's prior negotiations to purchase some of the affected parcels and his indication that the properties would be taken, if not sold to him, do not contain specific facts sufficient to describe action by public officers or bodies in bad faith. See *Stockus* v. *Boston Housing Authy.* 304 Mass. 507, 511. The aspects of the bill thus far discussed fall within the principle of *Brown* v. *Neelon,* 335 Mass. 357, 360–361, that a demurrer to a bill for declaratory relief may be sustained where the bill does not unequivocally set out facts showing a case presenting a significant controversy. See *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 317; *Cary Realty Corp.* v. *Chelsea,* 345 Mass. 769. Cf. *Price* v. *Price,* 341 Mass. 390, 393–394; *Fenestra Inc.* v. *Mared Bldg. Prod. Inc.* 349 Mass. 734, 735–736. Cf. also *Massachusetts Assn. of Tobacco Distribs.* v. *State Tax Commn. ante,* 85, 88.

2. The plaintiffs allege that the city "has not performed certain essential statutory steps." The only such step sufficiently argued in the plaintiffs' brief [2] to require discussion is an alleged violation of G. L. c. 41, § 81I.[3]

The allegations with respect to c. 41, § 81I, may be summarized as follows: (1) Springfield is a city, with a planning board established under c. 41, § 81A, which has not adopted an official map. (2) Section 81I (fn. 3) requires such a city "to refer the proposed laying out . . . of any public way to the planning board for consideration and report, as a prerequisite to the laying out . . . of . . . [the] way." (3) Springfield has failed to refer the laying out of the outer

---

[2] No question relating to G. L. c. 40, § 15A (as amended through St. 1954, c. 105), mentioned in the plaintiffs' brief, has been sufficiently argued (see *Lolos* v. *Berlin,* 338 Mass. 10, 14) to require any discussion (S. J. C. Rule 1:13) even if it be assumed that the bill raises any question under § 15A. See *Bouchard* v. *Haverhill,* 342 Mass. 1, 4.

[3] Section 81I (inserted by St. 1947, c. 340, § 4) reads, in part, "In a city . . . having a planning board established under . . . [§ 81A] but which has not adopted an official map no public way shall be laid out, altered, relocated or discontinued, unless the proposed laying out, alteration, relocation or dis-·continuance has been referred to the planning board of such city . . . and such board has reported thereon, or has allowed forty-five days to elapse after such reference without submitting its report."

belt highway to the planning board. These allegations, the plaintiffs say, show that the order of taking is illegal and invalid.

No decision of this court has construed or applied § 81I. The section bears some resemblance to statutory provisions relating to advisory reports (see *Noonan* v. *Moulton,* 348 Mass. 633, 639) by a planning board concerning certain zoning matters. See e.g. G. L. c. 40A, § 6, as amended; *Fish* v. *Canton,* 322 Mass. 219, 222–224. Cf. *Burlington* v. *Dunn,* 318 Mass. 216, 217–219; *Doliner* v. *Town Clerk of Millis,* 343 Mass. 10, 13. In general, in Massachusetts, the adoption of official maps or plans has not been regarded as a prerequisite to municipal zoning activity. See *Noonan* v. *Moulton,* 348 Mass. 633, 639. See also *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 567–568. Nevertheless, the advisory reports of a planning board (as *Fish* v. *Canton, supra,* indicates) have been treated as important to some aspects of municipal action concerning land use and regulation. The history of § 81I indicates a legislative purpose to have some form of planning board recommendations considered before municipal action in laying out a public way.

Section 81I in its present form was enacted by St. 1947, c. 340, § 4, as part of a comprehensive revision of statutes relating to planning. It seems to have been designed principally to ensure that each municipal planning board would have opportunity to make recommendations concerning each significant highway change in the city, so that overall city plans would not be adversely affected. In large measure, the present § 81I took the place of G. L. c. 41, § 81E, inserted by St. 1936, c. 211, § 4. The 1936 form of § 81E provided only for discretionary reference of matters to the planning board "by ordinance . . . or vote." See Nichols, Massachusetts Law of Planning and Zoning (1943 ed.) 38 et seq., esp. at 41. The change to the present explicit language of § 81I (fn. 3) shows that something more specific was intended by the revised provision. See Shurtleff and Cantelmo, Planning Law and Administration in Massachusetts, 12–13; Hardy, Municipal Law, §§ 362, 363, 366. Compare

cases where emphatic statutory language has been construed as merely directory, rather than mandatory, where the context indicates that to have been the legislative purpose. See *Liberty Mut. Ins. Co.* v. *Acting Commr. of Ins.* 265 Mass. 23, 28–29; *Monico's Case,* 350 Mass. 183, 185–186.

With § 81I must be read § 81B (as amended through St. 1953, c. 674, § 2). Section 81B, among other things, provides that the Superior Court for the county in which lies land affected by §§ 81A to 81J, inclusive, "shall have jurisdiction [in equity] on petition of a planning board . . . to enforce any . . . provisions of said sections . . . and may restrain by injunction violations thereof." We think it clear that, if a city council (in a city having no official map) undertook to take action to lay out a public way without having before it some form of report from the planning board, the planning board itself could take action to compel a reference of the matter to it and to enjoin violation of § 81I. Whether an individual landowner by mandamus could compel a planning board to take such action, we need not now decide.

The allegations of basic facts in the bill do not show (a) the details of the order of taking; (b) what if any recommendations of the planning board were before the city council when the order was adopted; e.g. whether the planning board at some time had recommended or approved a comprehensive project or a scheme for highway development for which use of the land taken would be appropriate; (c) whether the taking follows a specification of the limits of the proposed highway or was in anticipation of a later setting of the highway limits; or (d) under what statutory authority, in addition to G. L. c. 79, the city purported to make the taking.[4] The bill thus does not allege facts con-

---

[4] A city with a standard form charter (see *Shea* v. *Inspector of Bldgs. of Quincy,* 323 Mass. 552, 554–557) is given broad power to take land within its limits by eminent domain "for any municipal purpose," in the manner stated in G. L. c. 43, § 30 (as amended through St. 1959, c. 448, § 11; see later amendment St. 1967, c. 59, § 2). See G. L. c. 82, §§ 1, 7, as amended. Although we need not take judicial notice of the adoption of a charter under G. L. c. 43, § 2 et seq. (see *Bouchard* v. *Haverhill,* 342 Mass. 1, 4), it was stated at the arguments that Springfield has a Plan A charter. Cf. G. L. c. 40, § 14 (as amended through St. 1933, c. 283, § 1; see later amendment by St. 1967, c. 59, §§ 3).

cerning the events leading up to and affecting the taking, or concerning the form and content of the order of taking, adequate to show to what extent, if any, c. 41, § 81I, is applicable to these takings at all, or that it has been violated in any manner. The allegations present no satisfactory basis for a judicial declaration of rights. The courts should not decide important questions of law which may widely affect eminent domain procedures and land titles upon indefinite allegations which are little more than conclusions.

We do not reach the questions (a) whether any person, other than a planning board acting under present c. 41, § 81B, can complain of a violation of § 81I, either in the manner here attempted, or, perhaps, on a writ of certiorari to quash the order of taking (see *Byfield* v. *Newton,* 247 Mass. 46, 52), (b) whether compliance with § 81I is a condition precedent to a valid taking for highway purposes, see *Sellors* v. *Concord,* 329 Mass. 259, 262–263; cf. Nichols, Eminent Domain (Rev. 3d ed.) § 24.6 et seq; or (c) what types of action may constitute compliance with § 81I. The deficiencies in the bill, as it relates to § 81I, seem to us to bring this phase of the case also within the principle of cases, already cited, like *Brown* v. *Neelon,* 335 Mass. 357, 360–361, despite the principle that ordinarily a demurrer to a bill for declaratory relief cannot be sustained. This is not a case where a declaration of rights (rather than dismissal of the bill) was required.

Doubtless, the trial judge, in his discretion, could have reserved action on the demurrer and heard on the merits at least the issues relating to § 81I. See *Olszewski* v. *Sardynski,* 316 Mass. 715, 717; *Massachusetts Bar Assn.* v. *Cronin,* 351 Mass. 321, 323–324. He was not required to do so.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*