DANIEL A. GREENBERG *vs.* BOARD OF ASSESSORS OF
CAMBRIDGE & others.[1]

Middlesex.   September 17, 1971. — November 8, 1971.

Present: TAURO, C.J., REARDON, BRAUCHER, & HENNESSEY, JJ.

*Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,*
Bill, Demurrer, Declaratory proceeding. *Words,* "Political."

In a suit in equity for declaratory relief by an owner of real estate in
certain municipalities, allegations in the bill asserting improper
granting of exemptions from the real estate, sales, and use taxes to
educational institutions engaging in conduct of a "political"
nature, with a resulting increase in the plaintiff's tax burden, were
merely generalizations lacking the requisite specificity to show an
actual controversy or right of the plaintiff to relief and made the
bill demurrable. [419–423]

Although ordinarily a demurrer cannot properly be sustained to a bill
for declaratory relief on the ground that the court does not agree
with the principle for which the plaintiff contends, a demurrer may
be sustained where the plaintiff fails to state a case presenting a
controversy proper for determination under the declaratory
procedure. [423]

BILL IN EQUITY filed in the Superior Court on June 5,
1970.

The suit was heard by *Linscott,* J., on demurrers.

*John M. Kahn* (*R. Lisle Baker* with him) for the plain-
tiff.

*Philip M. Cronin,* City Solicitor, for the Board of As-
sessors of Cambridge.

---

[1] The other defendants are the Massachusetts Commissioner of Corpora-
tions and Taxation; several colleges and universities, viz.: Bentley Col-
lege of Accounting and Finance, Brandeis University, The President and
Fellows of Harvard College, Massachusetts Institute of Technology, and
Trustees of Tufts College; and the boards of assessors of the cities of
Medford and Waltham.

*William E. Searson, III,* Assistant Attorney General (*James P. Kiernan,* Assistant Attorney General, with him) for the Commissioner of Corporations and Taxation.

*John M. Harrington, Jr.* (*John V. Woodward* with him) for The President and Fellows of Harvard College & another; *John C. Wyman,* for Massachusetts Institute of Technology, also with him.

*Mark E. Gallagher,* City Solicitor, for the Board of Assessors of Medford; *William J. Bannan, Jr.,* City Solicitor, for the Board of Assessors of Waltham; *Daniel D. Levenson,* for Brandeis University; *& Gordon L. Doerfer,* for Trustees of Tufts College, joined in a brief.

HENNESSEY, J.   This is an appeal from an interlocutory decree sustaining the demurrers of the defendants and from a final decree dismissing the bill in a suit for declaratory relief.   The plaintiff was denied leave to amend.

We summarize the allegations contained in the bill. The plaintiff is the owner of real property subject to taxation under the provisions of G. L. c. 59 in the town of Sudbury and in the city of Cambridge, county of Middlesex. The defendant assessors of Cambridge, Medford and Waltham have granted exemptions from real property taxation to the defendant educational institutions in violation of G. L. c. 59, § 5, Third; of Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth; of art 10 of the Declaration of Rights; and of the Fourteenth Amendment to the Constitution of the United States.   The defendant Commissioner of Corporations and Taxation has improperly determined that the defendant educational institutions are entitled to exemptions from the sales and use tax imposed by G. L. c. 64H.   The defendant institutions are not entitled to the exemptions referred to above because they, through their board of trustees, administration, faculty organizations, student organizations or other constituent bodies, have engaged in conduct of a political character in violation of their status as charitable, educational or scientific enterprises under the laws of the Commonwealth.

The bill further alleges that since the annual tax rate of the city of Cambridge is directly affected by the total assessed valuation of taxable real property within the city, the wrongful exemption from taxation of the real property of the defendant institutions located in Cambridge results each year in an increase in the tax rate of the city and, consequently, in the amount of real estate taxes which both the plaintiff and other nonexempt persons pay on property located in the city. The amount of taxes assessed upon the plaintiff's real property in Cambridge and Sudbury includes an allocable portion of the county taxes apportioned and assessed upon the several cities and towns within Middlesex County, and the exemption of real property from taxation by one city or town directly affects the proportion of county tax which should be assessed upon each city and town resulting in an increased tax burden on the plaintiff and other nonexempt taxpayers.

The defendants' demurrers, which were sustained, claim among other things that the bill does not set forth a cause of action upon which relief can be granted, that the plaintiff lacks standing to raise the issues presented, and that the bill fails to set forth facts sufficient to show a justiciable controversy under G. L. c. 231A.

If any ground of demurrer is good the demurrer must be sustained. *Duane* v. *Quincy,* 350 Mass. 59, 61. The demurrers here were rightly sustained at least upon the first and third grounds above stated which raised the failure of the plaintiff to set forth sufficient specific facts. We therefore do not reach consideration of the ground of demurrer which challenges the plaintiff's standing.

Under G. L. c. 231A, § 1, inserted by St. 1945, c. 582, § 1, a court is authorized to make binding declarations of right, duty, status and other legal relations only in a "case in which an actual controversy has arisen and is *specifically* set forth in the pleadings . . ." (emphasis added). Furthermore, it is an elementary rule of equity pleading that the bill must contain a clear and exact statement of all the material facts upon which the plaintiff's right to relief

sought depends in order that the defendant may answer fully and fairly and know what he will be called upon to meet. *Grise* v. *Rieutord,* 305 Mass. 61, 64. *Brown* v. *Neelon,* 335 Mass. 357, 361. *Poremba* v. *Springfield,* 354 Mass. 432, 434. This rule requiring that a careful specification of facts be made in the bill has been no less applied where improper governmental action has been alleged. *Stone* v. *Springfield,* 341 Mass. 246, 249. In fact, in cases where a review of tax assessment practices was sought, we have been particularly emphatic on the requirement of specific factual allegations in the bill "so that the trial of very complicated issues of fact may be kept within reasonable limits." *Leto* v. *Assessors of Wilmington,* 348 Mass. 144, 149. *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223, 235–236.

Directing our attention to the paragraphs of the present bill, we note the lack of specific factual allegations concerning the plaintiff's interest in the litigation. The plaintiff's sole allegation with respect to his interest in the suit is that he is a taxpayer owning real property in both Cambridge and Sudbury. His bill does not allege specific facts relating to the location, description, assessed value or tax payable with respect to any of the parcels of real estate which he claims to own. Nor does the bill contain any specific allegations as to the location, description or assessed value of the real property wrongfully exempted. Further, the plaintiff has not alleged the necessary facts sufficient to demonstrate how or the extent to which his tax liability has been increased by the grant of the exemptions, much less the effect which the removal of those exemptions would have on that liability. Nor has he demonstrated with specific factual allegations how the allocable portion of the county tax upon his property in the city of Cambridge or in the town of Sudbury is affected by the granted exemptions. Nor has the plaintiff alleged that he pays or is about to pay any sales tax or be assessed any use tax, or in what other way, if any, he is affected by such taxes. "[I]t does not appear on this record that . . . [the plaintiff] has been or is about to be assessed any use taxes. . . . [The plaintiff]

thus appears to lack the 'definite interest' . . . requisite to establish an 'actual controversy' on this issue." *Supreme Council of the Royal Arcanum* v. *State Tax Commn.* 358 Mass. 111, 113.

Further, the plaintiff has not alleged specific facts necessary to demonstrate that the defendant assessors have deliberately and intentionally violated their constitutional and statutory duty. In *Stone* v. *Springfield*, 341 Mass. 246, 249, we said that "it would be reasonable to expect the plaintiff, without improperly stating evidence in his declaration, to make specific allegations of such asserted facts as would, if proved, establish invalid official action, as, for example, the precise nature of the lack of uniformity in assessments which he expects to prove and the circumstances indicating that it was intentionally discriminatory."

Finally, there is a demurrable lack of specificity in the allegations of conduct which would disqualify the defendant institutions from the tax exemptions. In paragraph 13 of the bill, the plaintiff asserts that "[e]ach of the . . . [defendant] institutions . . . has engaged in conduct of a political character." Repeated reference is made in paragraph 14 to "partisan political organizations," "partisan political causes," and "partisan political grounds." In our view the term "political" is vague, conclusory, and argumentative. In the absence of more specific detail, the word informs the defendant institutions of nothing. Furthermore, the plaintiff's attempt in paragraph 14 to narrow and define the alleged illegal conduct does not, in our view, accomplish that purpose. General allegations such as granting financial support to and permitting the use of property by partisan political organizations, permitting the interruption of the regularly scheduled programs in order to accommodate the activities of those involved in partisan political causes and permitting publications financially supported by the defendant institutions to support partisan political organizations, activities and causes are not sufficient in light of the specificity required in cases of this sort. They are no more than

generalized conclusions which do not discriminate between the various defendant institutions, nor do they set forth the dates or times of such illegal conduct, or the precise manner in which the defendant institutions' property was illegally used. In short, the allegations here "are but generalizations and conclusions which do not sufficiently inform the defendants of the facts so that they might know what they would be called upon to meet." *Lloyd* v. *Howes*, 350 Mass. 19, 21.

Ordinarily, a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends. Usually a declaratory decree should be made in any event, but where the plaintiff, as in this case, has failed to state a case presenting a controversy proper for determination under the declaratory procedure there is no reason why a demurrer may not be sustained. *Brown* v. *Neelon*, 335 Mass. 357, 360–361.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with*
> *costs of appeal.*