JACK H. BACKMAN & others[1] *vs.* COMMONWEALTH & others.[2] November 2, 1973. The plaintiffs have appealed from an interlocutory decree sustaining (without leave to amend) a demurrer to their bill for declaratory relief and from a final decree dismissing the bill. The allegation that the "Department of Public Welfare . . . has not carried out its responsibilities . . . in accordance with . . . [G. L. cc.] 18, 30, 30A, 115, 118, 118A, 118B, 118C, 118D, 119, 120, 121, 123, 123A and 124" is fairly typical of more than thirty pure conclusions of law which appear in the stating part of the bill and which required that the demurrer be sustained because of the bill's failure to state concisely and with substantial certainty facts entitling the plaintiffs to declaratory relief. *Poremba* v. *Springfield,* 354 Mass. 432 (1968), and cases cited. *Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 420-423 (1971). Accordingly, we need not decide whether a bill such as this would lie against the Commonwealth (see *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 357-358 [1961]) or the Governor (see *Rice* v. *The Governor,* 207 Mass. 577, 578-580 [1911]) or whether the decree of a court could finally determine a possible controversy as to whether "the . . . Commonwealth . . . is in fact solvent" (see *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 317 [1962]). The interlocutory decree is affirmed. The final decree is to be modified to provide that the dismissal is without prejudice to any rights the corporate plaintiffs may

---

[1] Rehabilitation Services, Inc.; Corey Hill Nursing Home, Inc.; Royal Furniture Co., Inc. and Gainsboro Professional Pharmacy, Inc.

[2] The Governor, the Auditor and the Treasurer and Receiver-General of the Commonwealth, the Commissioner of Public Welfare and the Commissioner of Administration.

have to proceed under G. L. c. 258 (or other statutory provisions), and, as so modified, is affirmed. The defendants are to have double costs from the date of the appeal from the final decree. G. L. c. 211A, § 15, inserted by St. 1972, c. 740, § 1.

*So ordered.*

*Jerrold C. Katz* for the plaintiffs.

*Kenneth A. Behar,* Assistant Attorney General, for the Commonwealth.