LORRAINE E. WOLF *vs.* COMMISSIONER OF PUBLIC WELFARE. March 28, 1974. In the opinion of a majority of the court (see Rule 1:18 of the Appeals Court, 1 Mass. App. Ct. 892 [1972])[1] this "Bill in Equity for Declaratory and Injunctive Relief" was properly dismissed for its failure to set forth an "actual controversy" within the meaning of G. L. c. 231A, § 1, or to suggest how a grant of the

---

[1] Justice Goodman dissenting on the basis of *Price* v. *Price,* 341 Mass. 390, 393-394 (1960), *Woods* v. *Newton,* 349 Mass. 373, 378-379, 380 (1965), *Banner* v. *Smolenski,* 315 F. Supp. 1076, 1079, 1079-1080 (D. Mass. 1970), and *Like* v. *Carter,* 448 F. 2d 798, 804, 805 (8th Cir. 1971).

declaratory relief prayed for would "remove an uncertainty" within the meaning of G. L. c. 231A, § 2. See *Poremba* v. *Springfield,* 354 Mass. 432, 435 (1968); *Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 420-421 (1971). Even if the bill had complied with either of the sections cited, it contained no allegation which would have required the court to grant the injunctive relief against a public officer which was specifically prayed for. See *Times Film Corp.* v. *Commissioner of Pub. Safety,* 333 Mass. 62, 63 (1955), and the cases cited therein; contrast *Board of Health of Woburn* v. *Sousa,* 338 Mass. 547, 553 (1959). The final decree is to be modified to provide that the dismissal is without prejudice and, as so modified, is affirmed. See *Backman* v. *Commonwealth,* 1 Mass. App. Ct. 851 (1973).

So ordered.

*Richard A. Cohen* (*Jeffrey W. Kobrick* with him) for the plaintiff.

*Nicholas P. Arenella,* Assistant Attorney General, for the defendant.