JOSEPH P. ZORA, SR. & another[1] vs. STATE ETHICS COMMISSION. June 19, 1989. *Administrative Law*, Exhaustion of remedies. *Practice, Civil*, Declaratory relief.

The plaintiffs filed a complaint for declaratory judgment and for damages arising from an alleged violation of civil rights. The defendant filed an

---

[1] Joseph P. Zora, Jr.

answer, counterclaim, and a motion for summary judgment which was allowed. The plaintiffs appealed and we transferred the case to this court on our own motion. We affirm.

To determine the propriety of the allowance of the motion for summary judgment, we examine the pleadings and affidavits filed in this case to ascertain whether there is a genuine issue of material fact and whether the defendant, as the moving party, is entitled to a judgment as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).

From these sources we learn that, at all times material to the case, the plaintiff, Joseph P. Zora, Sr., was a member of the board of selectmen of the town of Marion. He and his wife are the sole stockholders in Zora Enterprises, Inc., which owned a lot of land with respect to which a prospective purchaser filed a notice of intent with the Marion conservation commission (conservation commission) to construct a single-family dwelling. Joseph P. Zora, Jr., a member of the conservation commission and an unpaid director of Zora Enterprises, Inc., disqualified himself on March 27, 1985, from consideration of the notice of intent which was similar to an application for permission to build. The plaintiffs appeared at a meeting of the conservation commission on April 19, 1985, and submitted a memorandum protesting certain actions taken by the conservation commission in connection with the lot under consideration.

In a letter dated January 20, 1987, the defendant informed the plaintiffs that it had voted "at its January 12, 1987 meeting to initiate a Preliminary Inquiry into whether Mr. Zora Sr. and Mr. Zora Jr. violated Section 17 and other related sections of Chapter 268A" in connection with participation "as agents of Zora Enterprises, Inc. in a matter before the Marion Conservation Commission."

Upon receiving notification of the preliminary inquiry, the plaintiffs responded by demanding in writing specifications as to "the date, time, place or the manner in which [they] allegedly violated the provisions of M.G.L. ch. 268A." The defendant issued a summons to the plaintiffs for discovery of facts. The plaintiffs also instituted the present action seeking a declaration of rights under G. L. c. 268A and c. 268B (1986 ed. & 1988 Supp.), and the regulations issued pursuant to these statutes. They also seek recovery of money damages under the Federal civil rights act (42 U.S.C. § 1983 [1982]) and the Massachusetts civil rights statute (G. L. c. 12, § 11I [1986 ed.]). The defendant filed a motion for summary judgment which a Superior Court judge allowed.

We need not address the plaintiffs' elaborate constitutional arguments on free speech, due process, right to a jury trial, and other issues because they are all advanced prematurely in an action brought at a time when the administrative process had just begun and is far removed from the point of exhaustion. See *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, 390 Mass. 583, 587 (1983).

At this juncture, the plaintiffs cannot demonstrate a deprivation of any constitutional right or of any property or liberty interest. Similarly, the

plaintiffs cannot show a civil rights violation under either Federal or State statutes. We need not reach the question of the defendant's immunity for the same reasons.

Furthermore, declaratory relief is inappropriate because at this time there is no actual controversy. G. L. c. 231A, § 1 (1986 ed.). See *School Comm. of Cambridge* v. *Superintendent of Schools*, 320 Mass. 516, 518 (1946). A declaration would not terminate the matter. See *Brown* v. *Neelon*, 335 Mass. 357, 360 (1957).

*Judgment affirmed.*

*Donald J. Fleming* for the plaintiffs.
*Richard M. Brunell*, Assistant Attorney General, for the defendant.